IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOHN ALLEN CROWE,

      Plaintiff,

v.                                                                          No. 1:21-cv-00503-KWR-KRS

AMY GEE, ERIC NEWTON,
UNITED STATES PROBATION OFFICE
DISTRICT OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Plaintiff John Allen Crowe's Civil Rights Complaint. (Doc. 1) (the "Complaint"). Plaintiff is currently serving a term of supervised release under the supervision of United States Probation Office. He claims that probation officers violated his federal constitutional rights by unlawfully seizing his personal property. Having reviewed the Complaint, the docket in this and an associated criminal case, and the relevant law, the Court concludes that Plaintiff has not stated a claim upon which relief can be granted. The Complaint shall be dismissed accordingly.

I.    Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes, but does not decide, that the following facts taken from the allegations in the Complaint are true. The Court also takes judicial notice of the docket in the related criminal case, D.N.M. Case no. 11-cr-1690-MV.[1]

---

[1] The Court takes judicial notice of the docket in this case and in related state and federal cases. *See St. Louis Baptist Temple, Inc., v. Fed. Deposit Ins. Corp.*, 605 F. 2d 1169, 1172 (10th Cir.

After pleading guilty to one count of Distribution and Attempted Distribution of a Visual Depiction of Minors Engaged in Sexually Explicit Conduct, Plaintiff was sentenced to 120 months in prison followed by five years of supervised release. *See* D.N.M. Case no. 11-cr-1690-MV (Doc. 118). Plaintiff is currently serving his term of supervised release under the supervision of the United States Probation Office in the District of New Mexico. (Doc. 1). Defendants Amy Gee and Eric Newton were probation officers involved in Plaintiff's supervision in the relevant timeframe. (Id. at 1-2).

Plaintiff alleges that Officers Gee and Newton entered his home in April 2021 to perform a routine monthly visit/inspection. (Doc. 1 at 2). Plaintiff alleges that during this visit, against his consent, Officers Gee and Newton removed sixteen items from his home—thirteen pieces of jewelry, two toy bears, and a stuffed animal. (Id. at 2). Plaintiff alleges that while removing the items, the officers told him that the items were not illegal for him possess nor was he being accused of wrongdoing. (Id. at 2, 4). The officers gave Plaintiff a receipt for the items and told him they would be returned at the end of his term of supervised release. (Id. at 4).

Based on the foregoing, which Plaintiff alleges violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff filed the Complaint, seeking the immediate return of his items, compensatory and punitive damages.

About six weeks after he filed the Complaint, the Honorable Martha Vázquez held an evidentiary hearing in the criminal case concerning the conditions of Plaintiff's probation, specifically focused on Plaintiff's possession of the items at issue in this lawsuit. *See* D.N.M. Case no. 11-cr-1690-MV (Doc. 133). The probation officer who testified at the hearing explained that

---

1979) (The Court may take notice of "proceedings in other courts, both within and without the federal judicial system, if [they] have a direct relation to matters at issue.").

Plaintiff's possession of the items (described as "teenage necklaces," teddy bears and a girls gymnastics trophy) was contrary to the terms of his supervised probation and with his therapeutic treatment because they are considered "enticement" or "grooming" items that could be attractive to a young female child. Id. (Doc. 133 at 13-14). Plaintiff's probation officers directed him in March 2021 to get rid of the items. Id. (Doc. 133 at 12). When the officers discovered that the items were still in Plaintiff's home in April 2021, they removed them. Id. (Doc. 133 at 12-13). The initial directive to Plaintiff to get rid of the items and the probation offices' ultimate removal of the items were sanctioned by Judge Vázquez, who was being contemporaneously informed of the circumstances by Officer Gee. Id. (Doc. 133 at 46). In conclusion of the evidentiary hearing, Judge Vázquez ruled that Plaintiff was "not allowed to have [the items] at all."  Id. (Doc. 133 at 49). Plaintiff has not acknowledged or sought to reconcile the effect of Judge Vázquez's ruling in the criminal case as it pertains to the Complaint.

II.      Discussion.

   A.  Standard of Review.

   To state a claim upon which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* The Court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil procedure 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). As Plaintiff is *pro se*, the Court construes his pleadings liberally. *Id.* at 1110.

B. Plaintiff's Claims Arise Under *Bivens*.

Plaintiff seeks to pursue his claims pursuant to 42 U.S.C. § 1983. Section 1983 provides a vehicle a person whose federal constitutional or statutory rights have been violated by state or local officials "acting under color of state law." The Defendants in this lawsuit—a federal agency and two federal probation officers—cannot be sued under § 1983 because they are not state actors. Rather, their authority is derived from federal law. Claims against federal agents for the alleged deprivation of constitutional rights are analyzed under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), in which the Supreme Court recognized an implied cause of action arising under the United States Constitution itself.

The Supreme Court has recognized the availability of an implied cause of action arising under the Constitution in three specific contexts:  (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980). Since then, however, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). And it has held that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

C. The United States Probation Office Cannot Be Sued Under *Bivens*.

Plaintiff seeks to sue the United States Probation Office, apparently on a theory of *respondeat superior* for the alleged wrongful conduct of Officers Gee and Newton. Any such claim

must be dismissed. *Bivens* claims are not available against "the United States, federal officials in their official capacities, or federal agencies[.]" *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citations omitted). *Bivens* claims, when available, are cognizable only against the individual offending officer. *Malesko*, 534 U.S. at 72.

    D.  *Bivens* <u>Does Not Provide a Remedy Against the Individual Probation Officers</u>.

Neither the Supreme Court nor the Tenth Circuit has authorized an action under *Bivens* to redress a probation officers' alleged violation of the constitutional rights of a person on supervised release. On the contrary, the Tenth Circuit expressly declined to "authoriz[e] a new kind of federal litigation" by permitting a *Bivens* claim against a probation officer for an alleged violation of the right to familial association. *K.B. v. Perez*, 664 Fed. App'x. 756, 759 (10th Cir. 2016). To do so, the Court held, "would be contrary to the strong trend of limiting [*Bivens'*] reach." *Id.* Other circuits that have considered whether to extend *Bivens* to allow claims against federal probation officers by plaintiffs on supervised release have likewise declined to do so. *See Smith-Garcia v. Burke*, 815 Fed. App'x 187, 188 (9th Cir. 2020) (refusing to extend Bivens to a constitutional claim against a Probation Officer); *Elkins v. Elenz*, 516 Fed. App'x 825, 858 (11th Cir. 2013) (same).

It would not be appropriate in the context of this case to recognize a new implied cause of action under *Bivens*. In determining whether to recognize a *Bivens* remedy under the circumstances of a case, the Court's primary consideration is "whether any alternative, existing process for protecting the interest [provides] a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *K.B.*, 664 Fed. App'x at 759, citing *Ingram v. Faruque*, 728 F.3d 1239, 1244 (10th Cir. 2013). If "there are alternative remedial structures in place[,]" a court should not extend a *Bivens* remedy. *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022). Here, there are at least three alternative remedial structures in place. As Plaintiff is aware, having

already pursued relief in the context of his criminal case, one alternative is to seek to modify the conditions of his supervised release to allow him to keep the jewelry and teddy bears. Other alternatives, in the civil arena, were recognized in *K.B.*, where the Tenth Circuit held that a person on federal supervised release may file a "grievance through the Administrative Remedy Program" or bring a federal suit for injunctive relief. *K.B.*, 664 Fed. App'x at 759, citing 28 C.F.R. § 542.10(a), and *Malesko*, 534 U.S. at 74. The existence of these alternatives is reason enough to preclude Plaintiff's *Bivens* action. *Egbert*, 142 S. Ct. at 1804.

Finally, the Supreme Court has cautioned that if "there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed, a remedy shall not be extended." *Egbert*, 142 S. Ct. at 1805 (emphasis in the original). Extending a *Bivens* remedy in this case would impair the sound judgment of Probation Officers and circumvent the unequivocal ruling of the trial court judge in Plaintiff's criminal case. Congress is better equipped to impose a damages action against the directives of Probation Officers and the presiding judge in the criminal case is vested with the discretion and authority to craft the conditions of Plaintiff's supervised release.

E.  Plaintiff Has Not Demonstrated a Violation of His Constitutional Rights.

Even if a *Bivens* remedy were available, an alternative ground exists to dismiss Plaintiff's claim, namely, that Plaintiff has not demonstrated a violation of his Constitutional rights. Unquestionably, the Fourth Amendment to the United States Constitution guarantees the right to free from the unreasonable searches and seizures of his personal property. But while serving his sentence of federal supervised release, Plaintiff does "not enjoy the full suite of rights provided by the Fourth Amendment." *U.S. v. Trujillo*, 404 F.3d 1238, 1242 (10th Cir. 2005). Instead, he is subject to the special conditions of supervised release imposed by the district court. *U.S. v.*

*Woolsey*, 606 F. App'x 454, 458 (10th Cir. 2015) ("District courts enjoy broad discretion in imposing special conditions of supervised release."). Officers Gee and Newton removed the at-issue items from Plaintiff's possession pursuant to the court-approved conditions of his supervised release and with the express approval of the presiding judge. To the extent the removal constituted a seizure of his property, as alleged, the seizure both reasonable and lawful. If Plaintiff disagrees, his recourse should be sought within the context of his criminal case.

Moreover, under the Fourth Amendment "[a] seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 853 (10th Cir. 1993). Under the terms of his supervised release, Plaintiff does not have a legitimate possessory interest in the items. Insofar as he was given a receipt for the items, has been assured of their return upon the termination of his sentence, and has been prohibited from possessing them until then, the Court does not find that the interference is "meaningful" as used in the Fourth Amendment context.

Finally, to the extent Plaintiff's invocation of the Fourteenth Amendment, which prohibits states from infringing on citizens' federal constitutional rights, might be construed as invoking the right of due process, it is unavailing.  Plaintiff was given notice and a right to be heard regarding the alleged seizure of his items in the criminal case. He attended the hearing before Judge Vázquez and was represented by counsel.

III.     Plaintiff's Complaint Will Be Dismissed with Prejudice.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. For the reasons discussed herein, amendment would be futile. Accordingly, the Complaint will be

dismissed with prejudice.

**IT IS ORDERED:**

(**1**)     Each of the claims set forth in the complaint (Doc. 1) are **DISMISSED with**

**prejudice.**

(**2**)     The Court **WILL ENTER** a final judgment.

**IT IS SO ORDERED.**


**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**